# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JOHN ALAN CHADD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15-CV-25-JAR |
| | ) | |
| CAPE GIRARDEAU COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of John Alan Chadd (registration no. 29454-044) for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay any portion of the filing fee at this time, and therefore, the motion will be granted. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court

must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $0 and an average monthly balance of $0. Plaintiff has insufficient funds to pay any portion of the filing fee. Accordingly, the Court will not assess an initial partial filing fee at this time.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who

is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered

conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950-52.

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## The Complaint

Plaintiff, an inmate at the Cape Girardeau County Jail, seeks monetary relief in this action brought pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). Named as defendants are the Cape Girardeau County Jail, John Jordan (Sheriff), and the U.S. Marshal Service.

Plaintiff alleges that the U.S. Marshal Service arrested him on December 16, 2014, and placed him in the Cape Girardeau County Jail as a federal pre-trial detainee. Plaintiff states that during his incarceration, he was bitten by a spider, which "turned into 'staph.'" Plaintiff was taken to St. Francis Hospital, where his leg was "lanced and packed." Plaintiff claims that he was given an antibiotic and was denied clean clothes for fourteen days. Plaintiff states that the spider bite

4

wound is no longer draining, but he fears it may become infected or infect another prisoner, because he does not have a clean pair of pants. Plaintiff generally claims that the U.S. Marshal Service failed to oversee his health and welfare.

## Discussion

Plaintiff brings this action against defendant Sheriff John Jordan in his official capacity. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his official capacity is the equivalent of naming the government entity that employs the official, which in this case would be the municipality of Cape Girardeau, Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. Furthermore, mere negligence does not rise to the level of a constitutional violation, and supervisors cannot be held

vicariously liable under § 1983 for the actions of a subordinate. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (mere negligence is not cognizable as Eighth Amendment violation); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *see also Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to defendant John Jordan.

The complaint is also frivolous as to defendant U.S. Marshal Service, because a *Bivens* action for monetary damages cannot be maintained against the United States or a federal agency. *See FDIC v. Myer*, 510 U.S. 471, 484-85 (1994). Moreover, the Court notes that an action brought against a federal official, such as a U.S. Marshal, in his or her official capacity is, in essence, a suit against the United States of America. Because the doctrine of sovereign immunity prevents courts from exercising subject matter jurisdiction over the

United States, suits against officers in their official capacities are typically barred, as well.

The complaint is also legally frivolous as to the Cape Girardeau County Jail, because jails are not suable entities. *See Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (jails are not entities amenable to suit); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *McCoy v. Chesapeake Correctional Center*, 788 F.Supp. 890 (E.D.Va. 1992) (local jails are not "persons" under § 1983). For these reasons, this action will be dismissed, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

7

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 10th day of February, 2015.

/s/ John A. Ross
UNITED STATES DISTRICT JUDGE